appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

Whether the Board erred in dismissing an appeal for lack of jurisdiction presents a question of law that we review *de novo*. *See Hayes v. United States Postal Serv.*, 390 F.3d 1373, 1376 (Fed.Cir.2004).

Nowak argues that the Board has jurisdiction based on 5 C.F.R. § 351.901, which states "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action may appeal to the Merit Systems Protection Board." 5 C.F.R. § 351.901 (2004). The right to appeal to the Board set forth in § 351.901, however, is affected if the employee is covered by a collective bargaining agreement.

Section 7121 of Title 5 of the United States Code explains that a "collective bargaining agreement shall provide procedures for the settlement of grievances" and that with exceptions not relevant to this case, these "procedures shall be the exclusive administrative procedures for resolving grievances falling within [the agreement's] coverage." 5 U.S.C. § 7121(a)(1) (2000). Section 7121 also states that a collective bargaining agreement "may exclude any matter from the application of the grievance procedures which are provided for in the agreement." *Id.* § 7121(a)(2).

The CBA involved here excludes certain types of disputes. RIF actions, however, are not listed among those specifically excluded. Accordingly, RIF actions brought by employees subject to this collective bargaining agreement must proceed under the alternative dispute resolution process set forth in the agreement; they may not be appealed to the Board. Therefore, the AJ did not err in dismissing Nowak's appeal for lack of jurisdiction.[2] *See Bonner v. Merit Sys. Prot. Bd.*, 781 F.2d 202, 206 (Fed.Cir.1986) (holding that a RIF action was included in the negotiated grievance procedure under the collective bargaining agreement and consequently there was no jurisdiction before the Board).

**Theressa D. POLLITT, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 05–3269.

United States Court of Appeals, Federal Circuit.

May 4, 2006.

---

2. Nowak submitted a motion for oral argument via phone which was denied on April 24, 2006. Contained in this motion is a statement suggesting that Nowak was never informed that the collective bargaining agreement's grievance procedures were the only procedures available to her for grievances not specifically excluded by the agreement. This is the first time this argument was raised before us, and it appears to never have been raised before the Board, where Nowak was represented by a non-attorney representative. Accordingly, this issue is not properly before us. We note, however, that in the AJ's initial decision she stated "[i]t is undisputed that ... appellant was covered by a collective bargaining agreement which covered reductions in force, and which did not exclude RIF actions from its exclusive grievance procedures." *Nowak*, slip op. at 2. Nowak did not challenge this statement in her petition for review.

Before MAYER, BRYSON, and PROST, Circuit Judges.

## Judgment

PER CURIAM:

This CAUSE having been heard and considered, it is ORDERED and AD-JUDGED:

*AFFIRMED. See* Fed. Cir. R. 36.

**DOW AGROSCIENCES LLC,**
Plaintiff–Appellee,

v.

**CROMPTON CORPORATION and Uniroyal Chemical Company, Inc.,**
Defendants–Appellants.

No. 2005–1542.

United States Court of Appeals,
Federal Circuit.

May 5, 2006.

Rehearing and Rehearing En Banc
Denied July 27, 2006.